UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
Ralph Rose,

               Plaintiff,        Civil Action No.:_____

    v.

MediCredit, Inc.                      **COMPLAINT AND DEMAND**
                                             **FOR TRIAL BY JURY**

               Defendant.
-------------------------------------------X

Plaintiff Ralph Rose ("Plaintiff" or "Rose"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against Defendant MediCredit, Inc. ("Defendant" or "MEDI"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 1071 E26th Street, Brooklyn, New York 11210.

3. Defendant is a Missouri corporation with a corporate address of 3 City Place Dr., Ste. 690, St Louis, MO 64131, and a principle business address of 1801 California Avenue, Corona,

CA 92881 and upon information and belief, is authorized to do business in the State of New York. Defendant's Registered Agent is CSC- Lawyers Incorporating Service Company located at 221 Bolivar, Jefferson City, MO 65101.

4. MEDI is a "debt collector" as the phrase is defined and used in the FDCPA.

### JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

### FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about November 29, 2011, the Plaintiff sent a letter to the Defendant, requesting validation of the debt ("Exhibit A").

10. Defendant failed to provide validation of the debt as requested by the Plaintiff.

11. Defendant failed to report the debt to the credit bureaus as disputed ("Exhibit B").

12. Defendant continued its collection efforts, including placing telephone calls to the Plaintiff, despite the fact that the debt was disputed, and not properly validated.

13. In or around April, 2012, Defendant placed at least three (3) telephone calls to the Plaintiff, and left messages on the Plaintiff's shared answering machine ("Exhibit C").

14. Said messages contained personal and confidential information.

15. Said messages were attempts to collect a debt, and they were left on an answering machine which was played and heard by one or more third parties who each had the right and opportunity to play same.

16. Said messages were heard, amongst others, by the Plaintiff's brother, Ben Rose.

17. The actions of the Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

18. Said actions by the Defendant violated 15 U.S.C. § 1692c(b) which prohibits communicating with anyone except consumer and communicating to a third party, stating that a consumer owes a debt.

19. Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. Sec, 1692e(8), which prohibits a debt collector from "communicating false credit information, including the failure to state that the debt was disputed."

20. Said actions on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. Sec. 1692g(b), which mandates a debt collector to "cease collection efforts until the debt is validated."

21. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

**(Violations of the FDCPA)**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692c(b), 15 U.S.C. Sec. 1692e(8) and 15 U.S.C. Sec. 1692g(b).

24. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

25. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ralph Rose demands judgment against the Defendant MediCredit, Inc. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
November 21, 2012

           Respectfully submitted,

           By: <u>s/ Aryeh L. Pomerantz</u>
             Aryeh L. Pomerantz, Esq.
           Fredrick Schulman & Associates
           30 East 29th Street
           New York, New York 10016
           (212) 796-6053
           aryeh@fschulmanlaw.com
           Attorney for Plaintiff